**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence ROBINSON, Defendant–
Appellant.**

**No. 00–10538.**
**D.C. No. CR–97–05129–OWW.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Lawrence Robinson appeals his sentence of life plus 60 months, imposed following his conviction for death caused by use of a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(j)(1) and (2), interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and (2), and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Robinson contends the district court erred by refusing to grant him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). We review for clear error a district court's determination that a defendant was not a minor participant. *See United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir.1994).

The district court here found and the testimonial evidence adduced at trial shows that Robinson entered the store displaying a weapon, ordered everyone to get on the floor, demanded money from the store's owner, and discharged his weapon in a struggle with the store's owner. The district court's determination that Robinson was not a minor participant therefore was not clearly erroneous. *See United States v. Pinkney*, 15 F.3d 825, 826 (9th Cir.1994) (stating that a defendant who participated in a robbery by driving a robber to the scene, storing stolen goods and dispersing checks was not entitled to the minor participant role reduction); *cf. United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000) (holding that minor participant determination must be made relative to all participants in the criminal scheme for which the defendant is charged).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

